tract. For the reasons hereinbefore. set forth, the additional matter in these letters is unimportant at this time; their ultimate effect can only be determined at the close of the. trial.

The judgment of the court below is reversed and a procedendo awarded.

## Houston's Estate.

*Taxation—Inheritance tax—Decedents' estates—Deed of trust— Estate to take effect after death—Acts of June 20, 1919, P. L. 521, and May 4, 1921, P. L. 341.*

1. Where a deed of trust, executed prior to the date of the Act of June 20, 1919, P. L. 521, irrevocably conveys property in trust to pay the income to the settlor for life, and at her death to a collateral remainderman, and the life tenant dies on June 27, 1921, the estate passing to the remainderman is taxable at the rate of five per cent, and not ten per cent as provided by the Act of May 4, 1921, P. L. 341.

2. In such case the fact that the settlor had the right to add to the corpus of the trust is immaterial.

3. The tax is on the transfer of the title, and not on the transfer of the enjoyment.

Argued January 15, 1923. Appeal, No. 238, Jan. T., 1923, by Commonwealth, from decree of O. C. Phila. Co., Oct. T., 1921, No. 546, dismissing exceptions to adjudication, in estate of Marian F. Houston, deceased. Before FRAZER, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to adjudication of LAMORELLE, P. J.

From the record it appeared that, on December 3, 1918, Marian F. Houston executed an irrevocable deed of trust to a trust company of certain securities by which she received the income therefrom to herself for life with remainder over. The settlor died on June 27, 1921. The auditing judge held that the estate of the remainderman was taxable at the rate of five per cent.

On exceptions, the following opinion was filed by GEST, J.:

The claim of the Commonwealth to tax this trust estate at ten per cent, under the Acts of June 20, 1919, P. L. 521, and May 4, 1921, P. L. 341, is not supported by the authorities, nor is it agreeable with just principles of taxation. The grantor in the deed parted with her title before the passage of either of these acts of assembly. She reserved no right of revocation, nor did she retain the right of control, for her power exercisable jointly with the trustee to change investments is a very different thing; the terms of the trust were unchangeable. The deed was not executed with any intent to defraud the Commonwealth or to evade the law, nor was it made in such contemplation of death as to bring it within any applicable decision. As soon as the deed was executed, Freeman had a vested right in the property, only defeasible in case of his death (which has not occurred), when it would pass under his will, and his prospective right would have passed by his assignment to others: Serrill's Est., 15 W. N. C. 470; s. c. Wickersham's App., 18 W. N. C. 36.

A further argument is based on the provision in the deed that the settlor had the right to add to the corpus of the trust, but this has nothing to do with the question, however it might be, if she had reserved the right to withdraw some of the assets. Had she added to the corpus, her transfer of fresh assets would be simply equivalent to making a new assignment of them in trust. This clause in the deed was obviously inserted to save the trouble of drawing another deed, but did not in any way affect the rights which had already passed.

Nor can it be successfully argued that the tax is not on the transfer of title to the property, but on the transfer of enjoyment, for, as it seems to us, the act means by this the right of enjoyment, and this was vested under the deed. If the tax is imposed when enjoyment is perfected by actual possession, and this theory is carried to

its logical conclusion, it would seem that if, during the administration of an estate, delays occur, as they necessarily must, and if, before actual distribution is made, the rate of taxation is changed, a legacy would be taxed at the changed rate, which would appear to be a reductio ad absurdum.

We need not amplify the reasoning of the Presiding Judge, but may add that the recent case of Oliver's Est., 273 Pa. 400, supports our views.

The exceptions are dismissed.

The Commonwealth appealed.

*Error assigned,* inter alia, was in dismissing exceptions, quoting decree.

*William M. Boenning,* with him *George Ross Hull,* First Deputy Attorney General, and *George E. Alter,* Attorney General, for appellant.—The tax can only be defeated by such a conveyance as parts with the possession, the title, enjoyment and control during the grantor's lifetime: Heyland's Est., 21 Pa. Dist. R. 673; Reish v. Com., 106 Pa. 521; Seibert's App., 110 Pa. 329; DuBois' App., 121 Pa. 368; Maris' Est., 14 Pa. C. C. R. 171; Tritt v. Crotzer, 13 Pa. 451; Wright's App., 38 Pa. 507; Conwell's Est., 19 Phila. 95; Riddle's Est., 19 Phila. 105; Tyson's App., 10 Pa. 220; Todd's Est., 237 Pa. 466; Frazier's Est., 67 Pa. Superior Ct. 362; Carr's Est., 30 Pa. Dist. R. 481; Oliver's Est., 273 Pa. 400.

The tax imposed by this act was not on the property, but a bonus imposed for upholding the right of succession, in the nature of an administration expense: Strode v. Com., 52 Pa. 181; Finnen's Est., 196 Pa. 72.

While the Act of 1919 was called a Transfer Act, it is in effect an inheritance tax or succession act: Kirkpatrick's Est., 275 Pa. 271.

The tax is on the transfer of the enjoyment to the beneficiary: Heyland's Est., 21 Pa. Dist. R. 673; DuBois' Est., 121 Pa. 368; Todd's Est., 237 Pa. 446; Frazier's

Est., 67 Pa. Superior Ct. 362; Conwell's Est., 19 Phila. 95; Wright's App., 38 Pa. 507.

*M. B. Saul,* of *Saul, Ewing, Remick & Saul,* for appellee.—The transfer was completed and the rights of the remainderman were vested prior to the passage of the act.

The creation of the trust was not an attempted evasion of tax: Dick's Est., 30 Pa. Dist. R. 839.

The act in its terms is not retrospective.

*Edmund Bayly Seymour, Jr.,* amicus curiæ.

PER CURIAM, January 29, 1923:

The decree in this case is affirmed, at appellant's costs, on the opinion of the court below dismissing exceptions to the adjudication.

---

## Gilmore, Appellant, *v.* Gilmore et al.

*Promissory notes—Payment out of dividends of stock—Evidence — Parol agreement — Varying or destroying writing — Burden of proof.*

1. Where promissory notes are given for the purchase price of stock of a corporation which is assigned by the purchaser as collateral security for the payment of the notes, the maker cannot, by his own testimony unsupported by a second witness or proof of corroborating circumstances equal to such witness, establish a parol agreement that the notes were to be paid only out of the earnings of the corporation, and that he was not to be personally liable on them.

2. Even if such an agreement were established, the effect of it would be to destroy the notes and not to vary them, and it would therefore be invalid.

Argued January 16, 1923.   Appeal, No. 227, Jan. T., 1923, by plaintiff, from decree of C. P. No. 1, Phila. Co., March T., 1922, No. 5580, dismissing bill in equity in