# Dolan's Estate.

*Trusts and trustees—Deed of trust—Power to revoke—Power of supervision—Vesting of title—Inheritance tax—Act of June 20, 1919, P. L. 521.*

1. A reserved right of revocation in a deed of trust is not inconsistent with the creation of the trust.

2. If the right is not exercised during the lifetime of the donor according to the terms reserved, the validity of the trust remains unaffected, as though there had never been a reserved right of revocation.

3. The grantee takes the estate with the possibility of its being divested by the exercise of the power of revocation.

4. A power of revocation is analogous to a power of appointment, which, under the common law, is not property and can be exercised only by the persons in whom it resides.

5. The right of revocation possesses none of the attributes of property.

6. A provision in a deed of trust executed by a married woman for the benefit of her sons for life, with remainder over, does not defeat the transfer of the title until her death, simply because it gives the settlor's husband supervision of the sales and investments of the trust funds by the trustee.

7. The right reserved in a deed of trust to remove the trustee and appoint another, is not the retention of enjoyment and possession, nor the control of the specific property conveyed in trust.

8. A deed of trust executed prior to the date of the tax inheritance Act of June 20, 1919, P. L. 521, under which the donor parted with all interest in the trust fund, but reserved the right to revoke, alter and annul the deed, and to remove the trustee and appoint another, is, if unrevoked, not taxable as a transfer of property under the Act of 1919, intended to take effect in possession or enjoyment at the death of the grantor.

9. The right of succession or the privilege of receiving at death the property possessed by a decedent, is the thing taxed.

Argued January 16, 1924. Appeal, No. 226, Jan. T., 1924, by the Commonwealth, from decree of O. C. Phila.

Co., April T., 1921, No. 471, dismissing exceptions to adjudication, in estate of Sarah Brooke Dolan. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to adjudication.

From the record it appeared that on May 22, 1908, Sarah Brooke Dolan executed a deed of trust to the Fidelity Trust Company, assigning and transferring certain designated securities "and all the assets which may be hereafter assigned and delivered to said trustee, its successors and assigns, by the said Sarah Brooke Dolan, upon a written direction to hold upon the trusts herein contained and set forth. In trust, nevertheless, from and after the date hereof and until the end of the period of twenty-one (21) years from and immediately after the death of her last surviving lineal descendant living at the time of her death, for the following uses and purposes, and under and subject to the several provisions, restrictions and limitations, viz:

"1. To divide the net income and profit derived therefrom into three equal parts and pay over the same as follows:

"(a) One equal third part thereof to her son, Thomas J. Dolan, for and during the term of his natural life; one other equal third part thereof to her son, Clarence W. Dolan, for and during the term of his natural life; and the remaining one equal third part thereof to her son, H. Yale Dolan, for and during the term of his natural life.

"(b) If any of the said sons of the said Sarah Brooke Dolan shall die leaving him surviving a wife and lineal descendant, or any or all such survivors, to divide the share of income theretofore payable to such deceased son and pay the same to such survivors as follows" viz:

To such widow during widowhood, or, if there are lineal descendants, in equal shares with them, or, if no descendants, over in cross remainders.

"2. No part of the principal composing said trust shall be divided or paid over by the said trustee until the end of the period of twenty-one (21) years from and immediately after the death of the last surviving lineal descendant of the said Sarah Brooke Dolan living at the time of her death, and thereupon, at the end of said period, the trust hereby created shall terminate and the whole corpus of the estate shall go and be transferred and set over by the trustee in equal shares to all the issue of the said three sons of the said Sarah Brooke Dolan then living, their heirs, executors, administrators and assigns, absolutely and forever, such issue to take per stirpes and not per capita.

"The distribution of principal shall be made by the said trustee, if it elects so to do, by the division of the estate at the time in kind, such division to be made by it using its best discretion, or said trustee may at its election sell all or any part of the assets at the date of distribution in the same manner as is herein authorized for the sale for other purposes of any property, real or personal, and divide the proceeds so realized and applicable.

"3. That said trustee is hereby authorized to grant, sell and convey any and all of the estate hereby vested in it or which shall at any time hereafter come into its possession as trustee hereunder, at such time or times, at public or private sale, for such price and upon such terms as to cash or upon credit as it may think best, and to make, execute and deliver to the purchaser or purchasers contracts, deeds, bills of sale and all other instruments in writing necessary or proper to carry this provision into effect, without liability on the part of the purchaser or purchasers for the application of the purchase money, free and discharged from all the trusts hereunder, and these provisions shall apply as fully to all property which the said trustee may acquire or purchase for the estate or which may hereafter be added to it, as to that which is

hereby transferred to it.  Upon any such sales being made, the said trustee is further authorized and empowered to invest and reinvest the proceeds thereof in such property, real and personal, shares, bonds and other securities whatsoever, as to it shall seem proper, and to subscribe to any shares, bonds or securities, whether the same are or are not such investments as are by law defined or construed to be proper investments for trust funds, and in no event shall it be limited to the class of investments known as legal securities.  During the lifetime of the said Thomas Dolan no securities hereby transferred shall be sold or any reinvestments of the fund hereby created be made without his approval and consent.

"6. In the event of the resignation, refusal or inability to act of the said Fidelity Trust Company prior to the termination of the trust hereby created, a majority of the persons then in interest shall have the right to petition the court of competent jurisdiction for the appointment of its successor, and the person or corporation or both named by said beneficiaries in said petition shall, with the approval of the court and the entry of proper security, be thereupon appointed.

"The said Sarah Brooke Dolan at any time during her life, and after her death a majority in interest of the beneficiaries hereunder may, either with or without cause assigned, cause the removal of the said Fidelity Trust Company, or any succeeding company subsequently appointed, by presenting a petition to the proper court, requesting the removal of such company as trustee and the appointment of another trust company or person or both to fill the vacancy caused by such removal.  Upon the appointment of any new trustee or trustees, whether individual or corporation, the same duties shall devolve upon [and] the same rights inure to it or them as though originally appointed hereunder.  The appointment of a trustee to fill any vacancy as provided for above shall be

made by deed which shall also declare that such vacancy exists.

"The trustee herein named, or any trustee appointed as its successor, shall not be liable for any errors in judgment in the exercise of the powers conferred upon it or them in this deed of trust.

"The said Sarah Brooke Dolan at any time during her life hereby expressly reserves to herself the right to revoke this trust in its entirety or from time to time add to, alter or amend the same as to her shall seem fit."

Sarah Brooke Dolan died August 17, 1920. At the date of her death the personal estate so transferred was valued at $216,087.63, and on May 1, 1922, the Register of Wills of Philadelphia, acting on behalf of the Commonwealth, assessed tax on the interest of H. Yale Dolan at 2% in the sum of $675.17, with interest thereon from August 17, 1921, to April 17, 1922. The auditing judge, LAMORELLE, P. J., disallowed the claim of the Commonwealth. Exceptions to the adjudication were disallowed in an opinion by THOMPSON, J. See 3 D. & C. R. 264. The Commonwealth appealed.

*Error assigned* was decree, quoting it.

*William M. Boenning,* with him *John Robert Jones,* Deputy Attorney General, and *George W. Woodruff,* Attorney General, for appellant.—Mrs. Dolan exercised such a dominion over the possession remaining in her until her death, as to justify the imposition of transfer inheritance tax: Kirkpatrick's Est., 275 Pa. 271; Reish v. Com., 106 Pa. 521; DuBois Est., 121 Pa. 368; Lines' Est., 155 Pa. 378; Houston's Est., 276 Pa. 330; McCord's Est., 276 Pa. 459; Mitchell v. Stiles, 13 Pa. 306; Windolph v. Trust Co., 245 Pa. 349.

*Clement B. Wood,* with him *Arthur Littleton,* for appellee, H. Yale Dolan.—The transfer was of property

made in 1908 by deed which took effect in possession and enjoyment at that time.

The Act of June 20, 1919, P. L. 521, is not retroactive: Oliver's Est., 273 Pa. 400; Houston's Est., 276 Pa. 330; Shwab v. Doyle, 258 U. S. 529; Union Trust Co. v. Wardell, 258 U. S. 537; Levy v. Wardell, 258 U. S. 542; Knox v. McElligott, 258 U. S. 456; Dickerson's App., 115 Pa. 198; Lines v. Lines, 142 Pa. 149; Windolph v. Trust Co., 245 Pa. 349.

The extinguishment of the power to revoke the deed of trust by the death of Mrs. Dolan was not a transfer of property under the provisions of the act: Jones v. Clifton, 101 U. S. 225; Brandies v. Cochrane, 112 U. S. 344.

A deed of trust under which the grantor parts with all interest in the income and principal, but reserves the right to revoke, alter and amend the deed, is not taxable as a transfer intended to take effect in possession or enjoyment at the death of the grantor.

OPINION BY MR. JUSTICE KEPHART, March 10, 1924:

Sarah Brooke Dolan, in 1908, by deed conveyed to the Fidelity Trust Company certain securities in trust for the benefit of her three sons for life, with remainders over. The relevant facts will be found in the reporter's notes. The settlor did not revoke, add to, alter or amend the trust during her lifetime, or change the trustee or add to the principal. She died in 1920.

The life estates of the three sons were appraised as of the date of the death of Mrs. Dolan, and a tax of two per cent was imposed thereon. Exceptions attacking the validity of the tax were heard by the Orphans' Court of Philadelphia. It held the property had vested prior to the passage of the act imposing the tax; from the decree striking down the tax the Commonwealth appeals.

It is urged that, under the deed of trust, the settlor had complete dominion and control of the property; she

could alter or amend the trust at any time; no investment or reinvestment could be made without the consent of the husband, and the trustee could be removed at her will; property might be added, and, finally, that the power of revocation effectually retained the title and control completely in her until death, when the trust, qua trust, would effectually operate.

We held, in Kirkpatrick's Estate, 275 Pa. 271, 273, that the right of succession or the privilege of receiving at death the property possessed by a decedent, was the thing taxed. The Act of June 20, 1919, P. L. 521, provides "that a tax shall be, and is hereby, imposed upon the transfer of any property, real or personal, or of any interest therein or income therefrom, in trust or otherwise......(c) when the transfer is......by deed, grant, bargain, sale, or gift......intended to take effect in possession or enjoyment at or after such death." To escape the latter provision, a conveyance must be such as parts with possession, title and enjoyment in the grantor's lifetime: Reish v. Com., 106 Pa. 521, 526. When a transfer is made or intended to take effect either in possession or enjoyment after death, and the settlor or grantor retains a grasp of the entire estate, as long as he lives, it cannot be said possession and enjoyment in the beneficiary takes effect prior to death; under such circumstances the Commonwealth is entitled to a tax on the transfer.

We do not have here a case of this character; speaking more particularly on the subject of revocation, it being the point stressed in argument, the property no longer belonged to the grantor; she had divested herself not only of physical control of the specific things, but had given complete and sufficient evidence of the transfer of all ownership.

When the deed was executed in 1908 all the property had been transferred to the trust company. The trustee, in full possession, looked after the securities with the same authority that extended to trust property of any

character, exercising for the beneficiaries complete rights of ownership. This was for the benefit and enjoyment of the three sons. These children had the same right to protect the trust property as any beneficiary in a trust estate, and, had the trustee become delinquent, with the mother incapacitated, they could have invoked the aid of the court for its protection. During the life of Mrs. Dolan the trustee paid the income to the sons. The income received prior to the death of the mother came through this deed, not as a testamentary document, but as an effective deed of trust. The death of the mother, without additional act, did not change either the character of this payment or the document under which it was paid, remoulding it from a deed to a testament during the mother's life. The estate in the children was fixed and definite. The annexation of the power of revocation does not affect the grantee's power of enjoyment, or prevent the sale of the property, privately or judicially, though the grantee takes the estate with the possibility of its being divested by the happening of an uncertain event, to wit, the exercise of the power of revocation. Through the exercise of that right reserved, the property may be recalled. But the right to revoke, unexercised, is a dead thing. Its presence in a deed does not alter the character of the instrument or estate granted; to all intents and purposes, title and possession pass just as effectively as any deed or grant could make it, continuing in that state so long as the power of revocation lies dormant.

An attempt has been made to liken the present deed to that in Matter of Bostwick, 160 N. Y. 489, 55 N. E. 208. The facts in the two cases are not similar. If they were, and the decision had the effect claimed by appellant, we would not hesitate to restate as the law that which this court has always recognized, to wit, the power of revocation in a deed is equivalent to the power of appointment; neither prevents the passing of title or the complete enjoyment of the thing granted.

In Dickerson's App., 115 Pa. 198, 210, in discussing the power of revocation, the court said, where the intention was executed, coupled with an express trust, unrevoked at death, the trust is not only valid, but the reserved right of revocation is not inconsistent with the creation of the trust. If the right is not exercised during the lifetime of the donor according to the terms reserved, the validity of the trust remains unaffected as though there never had been a reserved right of revocation. This was followed by Lines v. Lines, 142 Pa. 149, 167. It is well settled, a reserved right of revocation is not inconsistent with the creation of a valid trust: Windolph v. Girard Trust Company, 245 Pa. 349, 368; Smith's Est., 144 Pa. 428, 442; Stone v. Hackett, 78 Mass. 227, 232.

In the Supreme Court of the United States, in Jones v. Clifton, 101 U. S. 225, 230, it is said the power of revocation and appointment was reserved only to the bankrupt, but these powers were not an interest in property that could be transferred to another, or sold on execution, or devised by will. The grantor could indeed exercise the power either by deed or will, but he could not vest the power in any other person. See Brandies v. Cochrane, 112 U. S. 344.

How, then, could the extinguishment of the power to revoke the deed of trust by the death of Mrs. Dolan,— that is all death accomplished,—work a transfer of property? The right of revocation, standing alone, is not tantamount to a property-right in the settlor; it possesses none of the attributes of property. Mrs. Dolan did everything possible in 1908 to divest herself of the specific property. When she died in 1920 there was nothing for her, the law, or anyone to do to complete the act. Revocation is neither an estate nor property, and cannot pass at death.

A power of revocation is analogous to a power of appointment, which, under the common law, is not property and can be exercised only by the person in whom it

resides: Gilman v. Bell, 99 Ill. 144; Supreme Colony v. Towne, 87 Conn. 644, 89 Atl. 264; Harrington v. Harte, 1 Cox Chancery Cases 130, 29 Eng. Reprint 1094; Holmes v Coghill, 12 Vesey Jr. 206, 33 Eng. Reprint 79.

The case is somewhat analogous to People v. Northern Trust Co., 289 Ill. 475, 124 N. E. 662, 7 A. L. R. 709, and also to Matter of Masury, 28 N. Y. App. Div. 580, 51 N. Y. Supp. 331, affirmed 159 N. Y. 532, 53 N. E. 1127. Miller's Est., 109 N. Y. Misc. 267, 178 N. Y. Supp. 554, a case strongly relied on by appellant, was reversed by the Appellate Division of the Supreme Court, 204 N. Y. App. Div. 418, 198 N. Y. Supp. 202, which reversal was upheld by the court of appeals, 236 N. Y. 290, 140 N. E. 701, where the court held that the mere reservation of the power to revoke did not make the transfers taxable. See also In re Bower's Est., 195 N. Y. App. Div. 548, 186 N. Y. Supp. 912, affirmed by the court of appeals, 231 N. Y. 613, 132 N. E. 910.

Turning now to the remaining reasons, the first needs no discussion. The next, relating to approval by the husband of sales and reinvestments, was not control retained by Mrs. Dolan; it was, as stated by the court below, supervision. It did not continue during all the settlor's life; while it continued it merely had some person with the trustee to exercise a judgment as to sale and purchases. He was a special trustee for this purpose. In Houston's Est., 276 Pa. 330, we sustained the deed where the power was retained in the settlor to exercise jointly with the trustee the right to change the investments from time to time.

The right to remove the trustee and appoint another is not the retention of enjoyment and possession, nor the control of the specific property. In Houston's Est., supra, we said the transfer of fresh assets would be equivalent to making a new assignment of them in trust. It was necessary, to avoid the drawing of another deed, but did not affect rights thereunder. It is somewhat like a mortgage for future advancement.

The conveyance is not taxable as a transfer intended to take effect in possession or enjoyment at the death of the grantor.

The decree of the court below is affirmed at the cost of appellant.