## Williamson's Estate.

The facts appear from the opinion of

SINKLER, J., Hearing Judge.—The question before me for decision arises from an appeal taken by the executors under the will of this decedent from an assessment by the Register of Wills of Philadelphia County of collateral inheritance tax at the rate of 10 per cent. upon the property composing the trust estate created by a deed of trust made by the decedent. The executors contend that the tax should be assessed at 5 per cent.

By a deed of trust dated December 8, 1882, the decedent, Ella Williamson, granted to the Philadelphia Trust, Safe Deposit and Insurance Company certain securities to be held in trust to pay the income to her during her lifetime. After her death the trust estate is made subject to her appointment by will, and in default of appointment it is given to her children, if any, and in the event of her dying without issue, it is given to such persons as might be entitled thereto under the intestate laws of this state. Her will, dated January 5, 1925, refers in the preamble especially to the power of appointment reserved in the deed of trust just mentioned, directs that her debts and funeral expenses be paid, and makes a number of bequests for charitable and religious purposes as well as pecuniary and specific bequests to individuals. A trust is created for the lifetime of a friend, Margaret C. Anthony, and the residue is to be held in trust to pay over the income to great-nieces and great-nephews of the decedent, with a provision for the payment of the principal, after the decease of all of them, among the descendants of such great-nieces and great-nephews per stirpes. The Commonwealth contends that the tax was properly assessed at 10 per cent. under either section 1 (a) or section 1 (c) of the Act of June 20, 1919, P. L. 521, as amended—that is, that it should be assessed at the rate in effect at the time of the death of the settlor. The appellants contend that it should be 5 per cent., the rate in effect at the date of the making of the deed. In my opinion, the contention of the Commonwealth is correct and the appeal should be dismissed.

In Houston's Estate, 276 Pa. 330, the decedent executed an irrevocable deed of trust by which she received the income for life, with remainder over as provided in the deed. There was apparently no power of appointment by will, and the principal of the trust estate was distributable in accordance with the terms of the deed of trust. Settlor died after the passage of the inheritance tax law of 1919, and the Commonwealth contended that the estate was taxable at 10 per cent. We held that the estate passing to the remaindermen was taxable at the rate imposed at the date of the deed of trust, and our decision was affirmed by the Supreme Court.

In Hieskell's Estate, 4 D. & C. 592 (1924), the decedent made a deed of trust November 6, 1872, the income payable to him during his life, and upon

his death for the use of his children and descendants; and if he should die without descendants, the corpus to be payable to such persons as would be entitled under the intestate laws of Pennsylvania. There was a provision in the deed by which the settlor could appoint by will one-third of the income for the benefit of his widow for life. Settlor died after the passage of the Act of 1921, intestate, unmarried and without issue. It was held that the estate was properly taxed at 5 per cent., and an appeal from the assessment of 10 per cent. tax was sustained.

In Hartley's Estate, 8 D. & C. 164 (1926), the settlor made a deed of trust August 7, 1917, the income payable to her during her life, and retained an unrestricted power at all times to revoke, change or modify the provisions of the deed as to principal and income. She died November 29, 1924, and we held that the estate was subject to inheritance tax at the rate effective at the date of her death.

In behalf of the appellants, I am referred to a number of cases on the subject of blending, the two latest being decisions by myself—Mayer's Estate, 14 D. & C. 521, and Nicholson's Estate, 14 D. & C. 543—and I am also referred to the Act of May 16, 1929, P. L. 1795, which provides that property transferred pursuant to powers of appointment shall, in all cases where the power is thereafter exercised, be taxed as the estate of the donor, nothwithstanding any blending of such property with the property of the donee. In my opinion, neither the act of assembly nor the cases relied upon are applicable in the present case. Both the act and the cases relate to the exercise of a power of appointment by an individual who is not the same as the one creating the power.

In the present case, even though the deed is irrevocable, those entitled to the remainder under the provisions of the deed are quite different from those who now take under the provisions of the will. Under the terms of the deed, the settlor had the power up until the time of her death to dispose of the principal by appointment, so that there could be no vesting in those now entitled to take until the time of her death. The transfer was, therefore, made as of the date of the decedent's death in 1930, and the tax should properly be assessed at the rate in effect at that time.

*Philippus W. Miller,* for exceptants; *William M. Boenning,* contra.

LAMORELLE, P. J., December 4, 1931.—The four exceptions raise in effect but one question, and that is, when the settlor and donee are one and the same person, is an appointment by will by the donee such a diversion of her own estate as subjects the same to tax at the rate specified at the time the will becomes effective. The Hearing Judge answered this question in the affirmative, and in his decision we all concur.

The Act of May 16, 1929, P. L. 1795, which provides that an estate passing by virtue of the exercise of a power by a donee shall be treated as the estate of the donor, necessarily implies two estates of two different persons; otherwise the act is meaningless. The purpose of the act was to determine once for all that "blending" should no longer be the subject of controversy, but that where two estates—and of course two estates refer to estates of more than one person—were combined in one will, the tax should be on the estate of the donor; and it followed, therefore, that tax should be computed when the estate of the donor passed. In the instant case, the testatrix created a trust for her own benefit by deed dated at a time when the tax was 5 per centum to collaterals. The deed was irrevocable, so far as the trust was concerned, and remainders were in terms given; but the settlor reserved to

herself a power of appointment over the corpus by will, and by will she elected to exercise, and did so exercise, the power by making the estate hers and diverting it from its original destination, thus subjecting it to tax as if there had never been any deed of settlement.

The case is clearly distinguishable from our ruling in Hieskell's Estate, 4 D. & C. 592, for in that case the settlor who had by deed created a trust for himself (in 1872) failed to exercise his power of appointment and the estate passed under the deed and the tax was assessed as of the time of passing, that is, in 1872.

As stated before, the line of demarcation is clear; in that case the settlor let the matter stand; in the one now under consideration the settlor of her own volition abandoned the deed and chose to have the estate pass under her will, and her estate must bear the consequences of her deliberate act.

Nor has Dalsimer's Estate, 15 D. & C. 489, any application; we were there dealing with the estate of Leon, who died in March, 1930; the donee of the power was a daughter, Blanche D. Katzenstein, who survived her father and died in July, 1930; she appointed her estate to her husband, and the one question decided by the court was whether that husband was entitled to interest on his legacy from the date of her death. The amount of tax or the rate did not enter into the matter, the award being made subject to such tax as might be due and the will of the donor providing that his residuary estate should bear all taxes.

The exceptions are dismissed and the ruling of the Hearing Judge in dismissing the appeal and remitting the record to the register is upheld.