## Leffmann's Estate.

Argued April 18, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, DREW and LINN, JJ.

*George B. Clothier,* with him *Leon J. Obermayer,* of *Edmonds, Obermayer & Rebmann,* for appellant.

*William M. Boenning,* Special Deputy Attorney General, with him *Herman J. Goldberg,* Deputy Attorney General, and *Wm. A. Schnader,* Attorney General, for appellee.

PER CURIAM, June 30, 1933:

Dr. Henry Leffmann, a resident of Philadelphia, died December 25, 1930, having previously, by deed of trust dated July 2, 1915, transferred to the Provident Life and Trust Company, as trustee, personal property therein described. By the terms of the deed, the trustee was directed to pay the income of the trust to settlor for life,

thereafter to his wife, Fannie, for life, and upon her death, or, in case she predeceased settlor (which event occurred), upon his death to pay the net income in equal shares to three named charities. In 1925, by written instrument, settlor made the terms of the trust irrevocable.

Upon the death of settlor in 1930, the estate was appraised for transfer inheritance tax under the Act of 1919, P. L. 521, and the tax assessed and levied at ten per cent. The trustee under the deed appealed from the assessment, and, a citation having issued to the Register of Wills and other parties of interest, the matter came on for hearing, at which time the only testimony taken was to identify the original deed of trust and the supplementary instrument, all other facts having been made of record by stipulation of counsel. The hearing judge sustained the assessment as levied and dismissed the appeal. The Jewish Hospital Association of Philadelphia, one of the beneficiaries under the deed of trust, now appeals from the decree of the court in banc dismissing exceptions to the ruling of the hearing judge.

Appellant argues on two alternate grounds—first, that no tax is due, and second, that if any tax is due, the rate should be five per cent, and not ten per cent as levied. Neither of these contentions can be sustained.

The Act of June 20, 1919, supra, under which the tax was levied, provides as follows:

"Section 1. Be it enacted, etc., That a tax shall be, and is hereby, imposed upon the transfer of any property, real or personal, or of any interest therein or income therefrom in trust or otherwise, to persons or corporations in the following cases: ...... (c) When the transfer is of property made by a resident,......by deed, grant, bargain, sale or gift, made in contemplation of the death of the grantor, vendor, or donor, or intended to take effect in possession or enjoyment at or after such death." By an amendment of May 4, 1921, P. L. 341, the tax on transfers to collaterals was increased from five to ten per cent.

Our earlier decisions leave no doubt that the tax may properly be assessed in cases where the transfer of title to the property in question is made in the lifetime of settlor but the beneficial enjoyment comes into being only at his death: Reish v. Com., 106 Pa. 521. "The fact that property, a sum of money, was transferred by being placed in a trust, will not affect its taxability if the profits [income] from it were intended to take effect in enjoyment after death. The Commonwealth's power to levy such tax, under such circumstances, cannot be doubted": Barber's Est., 304 Pa. 235, 239.

Appellant attacks the constitutionality of the Act of 1919, supra, on the ground that the title is not sufficiently broad to cover a tax laid upon transfers "intended to take effect in possession or enjoyment at or after such death." If there ever was any question about this proposition, it was definitely resolved against the view contended for by appellant by Spangler's Est., 281 Pa. 118.

Lastly, the tax was properly levied at the rate of ten per cent which was the rate in force in 1925 when the trust was made irrevocable. The rate of tax is determined as of the time settlor divests himself absolutely of all title to the property, and not from his death nor from the date of the deed of trust first executed, when, as here, that instrument is not final or absolute in its nature and leaves to settlor the opportunity to change its provisions completely: Houston's Est., 276 Pa. 330.

The decree of the court below is affirmed at appellant's cost.