## Denniston's Estate

*Frederick V. Hebard*, for exceptants.

*Edward S. Morris*, Special Deputy Attorney General, and *Joseph J. Dudley*, contra.

VAN DUSEN, J., February 28, 1936.—The settlor reserved the income to herself for life, with remainder to those persons whom she should appoint by will, and in default of appointment to her children, naming them, for life, with remainder of the principal to the issue of each child, and in default of such issue, then to the other children and their issue, and if none of the children should leave issue, then to the next of kin of the settlor's late husband.

The deed was made in 1915, at which time there was no direct inheritance tax law. Later, after the enactment of such a law, the settlor released her power of appointment. A tax has been assessed on the property passing

under the deed, on the theory that it was only at this date that the settlor parted with dominion over the property. The matter is before us on exceptions.

The taxpayer argues that by the original deed the title to the property in question vested in the remaindermen at the time of the date of the deed, and he cites Potter's Estate, 13 D. & C. 667, and other cases to show that a remainder over in default of appointment is vested, subject to be divested by the exercise of the power. It will be observed in this case that with respect to principal the remainders are contingent upon survival to the time of distribution. Whether these remainders are vested subject to be divested, or are contingent upon events other than the exercise of the power, our conclusion would be the same; for taxability depends not upon whether title has passed into certain persons without the possibility of change, but whether, combined with a life estate to herself, the settlor has retained such ultimate power of disposal that she cannot be said to have divested herself of title: Houston's Estate, 276 Pa. 330; Leffmann's Estate, 17 D. & C. 594, 312 Pa. 236. If no control was retained by the settlor, the remainders might be subject to all sorts of contingencies, as they were in Hieskell's Estate, 4 D. & C. 592, and Dolan's Estate, 279 Pa. 582, and yet the transaction would not be taxable.

It is well settled that where the settlor reserves an income to himself for life, with remainder to other persons, but keeps a power of revocation in himself, the deed is testamentary in character, as the settlor keeps enjoyment of the property and power to resume dominion over it at any time: Lines' Estate, 155 Pa. 378; Hartley's Estate, 8 D. & C. 164; Hurley's Estate, 16 D. & C. 521.

Is the power to appoint by will in the present case a reservation of ultimate power of disposal substantially like a power of revocation?

A power of revocation gives the settlor the power to do what he likes, either during his lifetime or at his death. A power of appointment gives the settlor the right

to do what he likes at his death, even to appointing to his own estate. In his lifetime he may extinguish the power, and may receive a price for doing so: Lyon et al. v. Alexander, 304 Pa. 288. But so far as we know, it has not been held that an appointor by virtue of the power may reduce to possession in his lifetime the property which is the subject matter of the power. In Lyon et al. v. Alexander, supra, the grantor in the deed had not merely a power of appointment, but a fee; and the question was simply whether the grantor by the covenants in her deed could surrender the power to defeat her deed by exercising the power of appointment. While a power of appointment does not give the same dominion as a power of revocation, we think that a deed like the present, which reserves income to the settlor for life and gives her full disposition by will at her death, is essentially testamentary; and that it retained that character until the power of appointment was extinguished. At that time there was a direct inheritance tax, and the property which then passed irrevocably by deed (though the persons who would take were still undetermined) became taxable as of that date, the tax being due and collectible when the property came into possession or enjoyment at the death of the settlor and life tenant.

All exceptions are dismissed and the decree of Judge Stearne, entered November 13, 1935, is confirmed absolutely.