**Commonwealth, Appellant, *v.* Linderman's Estate.**

Argued November 25, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN and PATTERSON, JJ.

*E. Russell Shockley,* Deputy Attorney General, with him *B. B. Bastian,* Assistant Deputy Attorney General, *Claude T. Reno,* Attorney General, and *Robert E. James,* for appellant.

*Adams Dodson,* with him *Thomas E. Butterfield, Jr.,* for appellees.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, January 6, 1941:

The decedent, before the transfer inheritance tax was extended to lineal descendants, executed a deed of trust in favor of her children, wherein she reserved the right to receive the entire income from the corpus until her death or remarriage, and also the right to demand one-third of the corpus in such latter event. After the tax was extended to lineals, she died without having re-married. Is the one-third of the corpus subject to the tax? The Orphans' Court held that it is not. Review is sought by the Commonwealth.

Decedent executed the deed of trust on July 3, 1903. The Act of June 20, 1919, P. L. 521, 72 PS Sec. 2301 et seq., extended the transfer inheritance tax to lineal descendants. As amended, it imposes the tax "When the transfer is . . . made in contemplation of the death of the . . . donor, or intended to take effect in possession or enjoyment at or after such death." The act applies only to transfers occurring after its passage and not to those prior thereto, provided the settlor has

divested himself of all title to the corpus: *Oliver's Est.,* 273 Pa. 400, 117 A. 81; *Houston's Est.,* 276 Pa. 330, 120 A. 267; *Denniston's Est.,* 325 Pa. 453, 191 A. 39. The absolving principle is that the settlor has divested himself absolutely of all title to the property, not at his death, but at the time of execution of the instrument creating the trust. There must not remain in the settlor the opportunity to change its provisions so that he may reassert dominion: *Houston's Est.,* supra; *Leffmann's Est.,* 312 Pa. 236, 167 A. 343. Here, it cannot be said that the settlor divested herself absolutely of *all* title to the property, as there remained in her the right to change the provisions of the trust instrument and to reassert dominion over one-third of the corpus. She reserved the right to reclaim in her own right, absolutely, one-third of it in the event of remarriage. If the provision to this effect applied to the whole principal of the trust, it would be difficult to convincingly assert that she had divested herself, absolutely, of all title to it; the fact that it applies to only a fraction thereof can make no difference, so far as applying the principle is concerned.

The court below concluded that the settlor reserved to herself only a qualified power of revocation, because her remarriage would require not only her consent, but the consent of her prospective husband, and that the restricted power of revocation was dependent, not only upon her act, but upon the act of a third party, a stranger to the deed of trust. We think this too tenuous a reason to warrant the setting aside of the principle to which we have referred. Nor do we think the fact that the settlor did not remarry makes the reservation "a dead thing" as the court concluded, relying for the quoted words upon an observation in *Dolan's Est.,* 279 Pa. 582, 124 A. 176, where there was an absolute power of revocation unexercised.

The court below, sitting in banc, ruled that it was not required to pass upon exceptions to the decree en-

tered by one of its members, Judge BARTHOLD, who sat in the Orphans' Court, there being no separate Orphans' Court in the county, the effect of which was to relieve the entire corpus of the trust from the payment of the tax, because the decree was a final one. The result of this determination, if sustained, would be to deny the Commonwealth's right of appeal to us, because not taken in time. Judge BARTHOLD's decree was entered May 29, 1939. The appeal was taken March 4, 1940. But, on June 6, 1939, Judge BARTHOLD, upon request of counsel for the Commonwealth, entered an order extending the time for filing exceptions to and including June 19, 1939, on which date he allowed the exceptions and directed them to be filed. October 2, 1939, argument on the exceptions was heard before the court in banc, and, on December 4, 1939, the court declined to pass upon them, giving as the reason that under Section 1 [c] of the Orphans' Court Act of June 7, 1917, P. L. 363, 20 PS Sec. 2084, the decree entered on May 29, 1939, was a final decree, appealable direct to us, without hearing by the court in banc. With this, under the circumstances appearing, we are unable to agree. We regard the first decree as one nisi, and the final decree that of December 4. We think, generally speaking, that in those districts where, as here, there is no separate Orphans' Court, and where one judge of the Common Pleas can discharge the functions of the Orphans' Court, the practice should be assimilated to that in equity, and that the first decree entered by the single judge should be regarded as one nisi, to which exceptions may be filed, to be disposed of by the court in banc, where there is more than one judge, by final decree.

While the court in banc did not pass upon the exceptions, it will not be necessary to return the record for it to do so, as we have decided the question involved.

Decree reversed with directions to allow the tax. Costs to be paid by the estate.