## Marinos' Estate

*Hopkin T. Rowlands*, for executors.

*John R. Reap*, for Commonwealth.

HOURIGAN, P. J., March 12, 1943.—Louis Marinos died testate on January 17, 1936. In his will, dated December 10, 1935, he named Kingston National Bank, Kingston, Pa., Nellie Marinos, and Thomas Alexander executors of his estate.

On October 14, 1933, more than three years prior to his death, he entered into a life insurance trust agreement in which he was the settlor and Kingston National Bank was the trustee. Pursuant to the terms of that trust agreement he assigned, transferred, and set over unto the trustee two life insurance policies, one in the Equitable Life Insurance Company in the sum of $10,000, the other in the Mutual Life Insurance Company of New York in the sum of $25,000.

He changed the beneficiaries in these policies, at that time, and named Kingston National Bank as trustee beneficiary. A complete plan for holding, managing, and distributing the proceeds of these policies is prescribed in the agreement. Settlor reserved to himself dividends, surrender values, and benefits accruing under the terms of the policies during his lifetime, the right to borrow on the policies, and the right to modify, alter, or terminate the trust agreement.

The trust agreement contains a spendthrift clause for the benefit of the ultimate takers under the trust.

After the death of the settlor, $35,000, the principal amount of the policies, was paid directly from the insurance companies to the trustee company. The proceeds of the policies were not, and, under the terms of the trust agreement and the policies, could not, have been payable to decedent's estate.

The Commonwealth presented a claim for transfer inheritance tax amounting to $687.22, plus penalties thereon amounting to $494.80, making a total of $1,182.02, upon the theory that the corpus of the trust was taxable, because of lifetime reservations made by the settlor in the trust agreement, under the provisions of the Act of June 20, 1919, P. L. 521, 72 PS §2301, and the amendments and supplements thereto.

With this contention we cannot agree. One line of cases cited by the Commonwealth deals with trusts the corpus of which is property other than the proceeds of life insurance policies: Dolan's Estate, 279

Pa. 582; Leffmann's Estate, 312 Pa. 236; Sellers' Estate, 325 Pa. 377.

The other line of cases deals with trusts the corpus of which is proceeds of life insurance policies which, under the terms of the trust agreement, are payable either directly or indirectly to the decedent's estate: Myers' Estate, 309 Pa. 581; Kenin's Trust Estate (No. 1), 343 Pa. 549.

Neither line of cases has any application to the facts in the trust now before us.

The Act of June 20, 1919, P. L. 521, as amended by the Act of June 22, 1931, P. L. 690, 72 PS §2301, provides:

"That a tax shall be, and is hereby, imposed upon the transfer of any property, real or personal, or of any interest therein or income therefrom in trust or otherwise, to persons or corporations in the following cases: . . .

"(d) . . . The proceeds of policies of life insurance, payable otherwise than to the estate of the insured, and whether paid directly by the insurer to beneficiaries designated in the policies, or to a trustee designated therein, and held, managed, and distributed by such trustee to or for the benefit of such persons or classes of persons under such plan and in such estates as may have been prescribed by the insured under agreement with such trustee, shall not be included in imposing any tax under this section . . ."

Settlor's reservations of dividends, surrender values, and benefits accruing under the terms of the policies during his lifetime, the right to borrow on the policies, the right to modify or alter or terminate the trust agreement, or the insertion of a spendthrift clause therein, in no way affect the tax liability on the proceeds of life insurance policies paid directly to the designated beneficiary in the policies and in the trust agreement, when that beneficiary is not either directly or indirectly the estate of the insured decedent.

The proceeds of the policies in the trust agreement now before us were paid "otherwise than to the estate of the insured," and therefore under the provisions of the statute are exempt from transfer inheritance tax. The Commonwealth's claim is disallowed.