## Good Estate

*Louis S. May* and *James P. Coho,* for exceptants.

*Martin M. Harnish, Arnold, Bricker & Beyer* and *Charles E. Workman,* contra.

BOWMAN, P. J., November 8, 1951.—On September 7, 1951, this court filed an opinion in the above matter and entered what we then regarded as a final order sustaining the appeal from probate and setting aside the probate of the will. Counsel for Earl Schlinkman, Sr., and Gertrude Schlinkman, proponents of the will, have filed what they term exceptions to the "opinion." We have considered the exceptions and reach the same conclusion as previously expressed. It is for a different reason, however, that we shall dismiss the exceptions.

It appears from the brief of counsel that the exceptions were filed primarily because: "It is the definite law of the Commonwealth of Pennsylvania that 'where a beneficiary in a will, the probate of which has been set aside, fails to except to the action of the court, he cannot appeal from the decree,' *Wagner's Estate,* 289 Pa. 361; 137 A. 616 (1927)." We cannot agree with the contention of counsel that in order to take their predicted appeal, the filing of exceptions to the decree of September 7, 1951, was a mandatory step.

The right to file exceptions is almost entirely governed by rule of court: Remick's Penna Orphans'

Court Practice, 4th ed., sec. 294. See also section 7, Rule 1, of the Orphans' Court Rules as adopted by the Supreme Court. The Orphans' Court of Lancaster County has no rule which provides for the filing of exceptions in the situation here present.

Lancaster County is a district which has a separate orphans' court composed of a single judge. In districts not having a separate orphans' court but more than one common pleas judge, the Supreme Court has stated in Commonwealth v. Linderman's Estate, 340 Pa. 289, 292 (which involved an appeal from a transfer inheritance tax appraisement in Northampton County) : ". . . the practice should be assimilated to that in equity, and that the first decree entered by the single judge should be regarded as one nisi, to which exceptions may be filed, to be disposed of by the court in banc, where there is more than one judge, by final decree." The decision in that case has apparently been limited to such districts: Erie v. Piece of Land, etc., 341 Pa. 310.

We do not believe that the decision in Wagner's Estate controls the instant matter for the following reasons: (1) That case involved an appeal from the register of wills to the Orphans' Court of Allegheny County, which is composed of more than one orphans' court judge, and (2) the Orphans' Court of Allegheny County has a rule (section 12, rule 7) which provides for the filing of specific exceptions to any decree of the court, to be disposed of by the court in banc.

It is the opinion of this court, therefore, that in a district which has a separate orphans' court composed of a single judge, the order entered by the single judge disposing of an appeal from probate is a final decree. There is precedent for so holding. In Umble's Estate, 117 Pa. Superior Ct. 15 (1935) there was an appeal from a probate of a will by the Register of Wills of Lancaster County. We have examined the records in

that case and find that the appeal to the Superior Court followed the entry by the Orphans' Court of Lancaster County of but one order of court, to which no exceptions were taken.

### Decree

And now, November 8, 1951, for the foregoing reasons, the exceptions filed by Earl Schlinkman, Sr., and Gertrude Schlinkman to the opinion of September 7, 1951, are dismissed at their cost.