## Aceto Estate

*Robert J. Lindsay, Jr.,* for petitioner.
*Irvin Stander,* for Commonwealth.

SAYLOR, J. April 12, 1961.—This matter came before the court upon an appeal from the inheritance tax assessment by which the corpus of an inter vivos trust created by decedent-settlor was taxed as part of his individual estate.

Decedent created the trust in 1952 for the benefit of his son. He died in 1959. The basis on which the trust was taxed as part of decedent's individual estate was his reservation in the trust deed of an unlimited

power to revoke the deed of trust. He never exercised the power.

On the authority of Dolan's Estate, 279 Pa. 582 (1924), the reservation of a power of revocation is not a sufficient basis for imposing tax liability when no exercise has been made thereof. This decision has not been expressly overruled, but it is inconsistent with the rationale of later decisions of the Supreme Court. See Leffmann's Estate, 312 Pa. 237, 239 (1933); Commonwealth v. Linderman's Estate, 340 Pa. 289, 291 (1940); Glosser Trust, 355 Pa. 210, 215 (1946); Todd Trust, 358 Pa. 530, 534 (1948); Myers Estate, 359 Pa. 577, 581 (1948).

It is concluded that such later decisions make unwarranted further adherence to the decision in Dolan's Estate, supra. It is held that the tax was properly assessed in the pending case and the appeal is dismissed.