## Schantz Estate

526

*Allen R. Keely,* for accountant.

*John A. Kaufman,* Special Assistant Attorney General, for Commonwealth.

TAXIS, P. J., March 2, 1964.—The first and final account of Montgomery County Bank and Trust Company, (formerly Norristown-Penn Trust Company), trustee under agreement of trust dated January 31, 1934, for James Schantz and Alverda Schantz, was examined and audited by the court on January 6, 1964.

A question has arisen as to whether the estate accounted for is subject to the payment of transfer inheritance tax.

The trust agreement was executed on January 31, 1934, and the settlor reserved no incident of ownership except that the trust agreement provided that the trust shall be revocable by proper instrument executed by settlor and lodged with the trustee. By the terms of the trust, James R. Schantz and his wife, Alverda Schantz, had the use and enjoyment of the residence and premises described in this trust instrument for and during their natural lives and the life of the survivor of them. Thereafter and upon attainment of age 21 by their youngest child, the property was to be sold and proceeds divided equally among their children. Settlor's power of revocation was never exercised.

Settlor died on March 12, 1942. The Inheritance and Estate Tax Act of 1961 does not apply to inter vivos transfers made by a decedent dying before January 1, 1962: Act of June 15, 1961, P. L. 373, art. I, sec. 103,

72 PS §2485-103. Accordingly, the Act of June 20, 1919, P. L. 521 is applicable to the transfer in question.

A deed of trust under which a settlor parted with all interest in a trust fund, but reserved the right to revoke, alter and annul the deed, was held under the Act of 1919 not to be taxable as a transfer of property intended to take effect in possession or enjoyment at the death of the settlor: Dolan's Estate, 279 Pa. 582. The court there reasoned that the settlor intended that the donees receive beneficial enjoyment of the transferred property immediately upon transfer of the property, rather than at or after the settlor's death, the reservation of a power to revoke notwithstanding: Dolan's Estate, 279 Pa. 582.

It is the Commonwealth's contention that there is serious doubt whether the rule of Dolan's Estate continues to be the law of Pennsylvania. See Grossman and Smith, Pennsylvania Inheritance and Estate Tax, §226-1. However, the Supreme Court's most recent pronouncement concerning the rule in Dolan's Estate was to distinguish that case in the face of the Commonwealth's contention that Dolan's Estate had been overruled: Dorsey Estate, 366 Pa. 557. In Dorsey Estate, the Supreme Court found the transfer there in question taxable without overruling Dolan's Estate.

Even if there is serious doubt as to the state of the law today, there can be no doubt that Dolan's Estate was the law of Pennsylvania in 1934 when the trust agreement here in question was executed. Even at the time of settlor's death in 1942, the Supreme Court had decided only one of the four cases which the Commonwealth contends impliedly overrule Dolan's Estate: Commonwealth v. Linderman's Estate, 340 Pa. 289 (1940).

In Linderman's Estate the settlor reserved income for her life or until her remarriage, together with a

528

right to receive one-third of the corpus if she remarried. She died without having remarried, and it was held that one-third of the corpus was taxable in her estate. The facts of Linderman's Estate are distinguishable from Dolan's Estate. Hence as of the death of the settlor in 1942, Dolan's Estate cannot be said to have been overruled.

It is true that where a decision concerning a statute is expressly overruled, the reconsidered pronouncement becomes the law of the statute from the date of its enactment: Buradus v. General Cement Products Co., 159 Pa. Superior Ct. 501, affirmed 356 Pa. 349. However, in the absence of a decision expressly overruling Dolan's Estate, this court deems itself compelled to give binding effect to the rule of Dolan's Estate in the case at bar, involving, as it does, the same basic fact situation as Dolan's Estate. Furthermore, the foregoing rule as to an overruling decision having a retroactive effect is subject to a well settled exception that the construction of the law, as given by the overruling decision, will not be permitted to change rights vested before the rule was changed: Lisle's Estate, 22 Pa. Superior Ct. 262. It appears to the court that at the time of the settlor's death the remainder interests became vested and were not subject to transfer inheritance tax. Hence, a subsequent overruling decision cannot affect the already vested remainder interests.

For the reasons hereinbefore stated, the estate accounted for is not subject to the payment of transfer inheritance tax.