**Jones Estate**

*J. Victor O'Brien,* of *Fox, Rothschild, O'Brien & Frankel,* for appellant.

*Catherine R. Barone,* Deputy Attorney General, for Commonwealth.

TAXIS, *P. J.,* October 28, 1975.—Alice Cramp Jones died a resident of Montgomery County on October 7, 1973. On June 9, 1931, she executed an inter vivos irrevocable trust, reserving income for herself for life and, upon her death, the trust was to continue for the benefit of her children with ultimate distribution. Decedent was survived by three children and her will provided that all taxes should be paid from her residuary estate. Her executors reported the trust to be valued at $99,334.21 and paid tax at the two percent rate, which was the rate in effect in 1931 when the trust was created. The Commonwealth, however, taxed the trust at six percent, which was the rate at the time of decedent's death. This appeal followed.

The sole issue is whether the Commonwealth can constitutionally impose inheritance tax on irrevocable trusts created in 1931 but at the rate of six percent, which was the rate in effect at the time of decedent's death.

Prior to the Inheritance and Estate Tax Act of June 15, 1961, P. L. 373, 72 P.S. §§2485-101, et seq., the statute was silent as to which rate applies where it has changed between the date of the inter vivos transfer and the date of death. Case law had to fill the vacuum. The 1961 Act, supra, addresses itself to the issue. We need not determine what the rule should be, but only whether the present statutory rule is valid.

The 1961 Act, supra, expressly provides that this transfer is taxable and that the rate in effect at

death shall apply, rather than the rate at the time the trust was created: sections 103(2), 221, 224, 401, 72 P.S. §§2485-103(2), 2485-221, 2485-224 and 2485-401. If valid, it mandates a six percent rate in this case. This is not a case, such as Hackett Trust, 24 Fiduc. Rep. 154 (1974), where the act now in effect attempts to subject to tax a transfer which was not taxable under the law in effect when it was made. See, generally, Grossman & Smith, Pa. Inheritance and Estate Tax, §§103-2 (Bisel Co., Rev. Ed. 1971). In this case, the transfer is of a type which was subject to tax in 1931 when the trust was created. The only issue is whether applying the 1973 rate of six percent, rather than the 1931 rate of two percent, is unconstitutional. We conclude that it is not: Milliken v. U.S., 283 U.S. 15, 51 S. Ct. 324 (1931); Cahen v. Brewster, 203 U.S. 543, 27 S. Ct. 174 (1906).

The taxpayer suggests that retroactivity is permissible as to events (e.g., creation of trust) prior to the statutory change but only within the year of the legislative session preceding the enactment (Welch v. Henry, 305 U. S. 134, 59 S. Ct. 121 (1938); that may be the rule as to subjecting a previously untaxed asset or transfer to tax, but such is not the issue before the court. The reference in Commonwealth v. Budd Co., 379 Pa. 159, 108 A.2d 563 (1954), to such rule as to "new or increased taxes" is, as to increases in rates, simply dictum, for that case involved the retroactive disallowance of a deduction, not an increase in rates.

Houston Estate, 276 Pa. 330, 120 Atl. 267 (1923), struck down the attempted taxation at the 1921 (date of death) rate of ten percent instead of the 1918 (date of transfer) rate of five percent because "The claim of the Commonwealth to tax this trust

estate at ten per cent . . . is not supported by the authorities; nor is it agreeable with just principles of taxation": 120 Atl. 268. Houston Estate does not control here, however, because the authority which was there lacking is now found in the express provisions of the 1961 Act, and because the legislature has now established what it considers "just principles of taxation;" short of unconstitutionality, its concept of "just principles" controls. We do not perceive there to be such arbitrariness in section 103(2), 72 P.S. §§2485-103(2), as would render it unconstitutional.

And now, October 28, 1975, the appeal from the assessment is dismissed.