## Mayer's Estate.

Argued January 10, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*G. Ruhland Rebmann, Jr.,* of *Edmonds, Obermayer & Rebmann,* with him *George B. Clothier,* for appellant.

*Edward Shippen Morris* and *E. Russell Shockley,* Deputy Attorneys General, *Charles J. Margiotti,* Attorney General, and *Harry B. Schultz,* for appellee.

OPINION BY MR. JUSTICE DREW, March 31, 1938:

Is the "actual possession" of a vested remainder by the remainderman a prerequisite to taxation of the transfer of the future interest under the Transfer Inheritance Tax Act of June 20, 1919, P. L. 521?

Katharine Mayer received a vested remainder under the will of her sister Minnie who died in 1915. The intervening life estates had not expired when Katharine died in 1923, bequeathing her entire estate, including the remainder interest, to her sister Julia. The latter died two years later, leaving the residue of her estate, including the remainder interest received from Katharine, to the Jewish Hospital Association of Philadelphia. The life tenancies did not expire until 1935 and 1936 and in the subsequent accounting the register of wills assessed a transfer inheritance tax upon the transfer of the remainder from Katharine to Julia. This assessment was sustained by the orphans' court and the hospital association has appealed. The tax upon the transfer of this same interest from Minnie to Katharine was paid in the course of the settlement of the former's estate. The tax upon the transfer from Julia to the hospital association has also been paid.

The first section of the Act of 1919, supra, *imposes* a tax "upon the transfer of any property . . . or any interest therein . . . when the transfer is by will . . . from any person dying seized or possessed of the property. . . ." Specific provisions with respect to the

*payment and collection* of the tax on future interests are set forth in the third section. Upon such interests "the tax hereinbefore imposed . . . shall not be payable, nor shall interest begin to run thereon, until the person liable for the same [i. e., the remainderman : *Coxe's Estate,* 181 Pa. 369] shall come into actual possession of such estate by the termination of the estates for life or years." The tax is to be assessed upon the value of the interest at the time the right of possession accrues to the remainderman. Provision is made for payment by the "owner" of the future interest prior to his coming into possession, however, in which event the tax is to be assessed upon the value of the estate at the time of payment, proper deduction being made for the value of the intervening estates. The remaining provisions of this section provide that the tax on real estate shall remain a lien until paid; in the case of personalty, the transferee is required to make a return thereof to the register or to the auditor general within one year from the death of the decedent, and to enter into security for the payment of the tax. The tax is immediately payable if he fails to do so.

That section one imposes the tax upon the transfer of a vested remainder is conceded. Appellant contends, however, relying upon section three, that the tax is not due until the remainderman actually secures possession, and that in the event of the remaindermen's death during the continuance of the intervening estates, the contingency upon which the tax shall become payable has not occurred and no tax can be collected. We think this contention must be rejected. The tax is a *transfer* tax : cf. *Haggerty's Estate,* 311 Pa. 503. "Transfer" is defined in the act (section forty-five) "to include the passing of property, or any interest therein, in possession or enjoyment, present or future. . . ." Construing the same definition in the New York statute, the Court of Appeals held that the word (transfer) "thus contemplates a present enjoyment *or a fixed and absolute right*

*of future enjoyment"*: *Matter of Hoffman*, 143 N. Y. 327, at page 335. [Italics ours.] The tax is assessable upon the *transfer* of any vested property interest when that transfer takes place under any of the conditions enumerated in section one. The imposition of the tax and the liability therefor are fixed by the first section and section three simply refers to the time of payment of that tax in the case of future interests.

Appellant's argument would deny the right to the tax on the transfer of a vested future interest, which the transferee may hold for years, and which he can sell, encumber, give away, devise or bequeath, merely because of his chance death prior to the termination of the intervening estates. The language of the act permits no such construction. So far as liability for the tax is concerned, the basic criterion is not the "actual possession" of an interest, but the transfer of an interest. In the case of a future interest, however, the transferee may avail himself of the privileges of section three and defer payment until the termination of the prior estates, at which time he or his personal representatives must pay the tax. It should be noted that the transferee of a future interest in personalty comes under immediate liability for payment of the tax in case he fails, within the year following the testator's death, to make return of the property and enter into security for future payment: *Youngblood's Estate*, 117 Pa. Superior Ct. 550. In the present case, the remainder was created under Minnie's will and given to Katharine, and the tax on the transfer, now said by appellant to have been gratuitous because Katharine never acquired actual possession, was properly paid. This same interest was bequeathed by Katharine to Julia and the tax must be paid. The tax on the transfer by Julia to the hospital association has already been paid. The vested remainder was thrice transferred and it must be thrice taxed.

One who dies holding a vested remainder is "seized or possessed of the property" within the language of

section one, and the transfer of that interest is taxable: *Gelm's Estate,* 61 Pa. Superior Ct. 228; see *Moss's Estate,* 80 Pa. Superior Ct. 323. *Coxe's Estate,* 193 Pa. 100, strongly urged by appellant, is the only case requiring specific treatment. That case arose under the Act of May 6, 1887, P. L. 79, the relevant provisions of which are substantially similar to those of the Act of 1919. There the testator left his estate in trust for his widow for life, with vested remainders to various nephews and nieces. It was held that the Commonwealth could not compel the remaindermen to enter security for the future payment of the tax, but must wait until the death of the life tenant. The decision was based upon the ground that it was impossible to ascertain what persons would actually come into possession of the estate, the court saying, at page 109, "it is the actual possession of the estate which alone creates the liability to pay the tax, and that liability does not arise until after the termination of the life estate." In effect this decision would nullify those provisions of the third section requiring the entry of security. Although the opinion is silent on the subject, the remainders there involved were vested, while the cases relied upon involved contingent remainders. The latter present an entirely different problem: See *Salomon v. State Tax Commission,* 278 U. S. 484; *Montgomery's Estate,* 63 Pa. Superior Ct. 318; *Moss's Estate,* supra. The cases relied upon in *Coxe's Estate,* 193 Pa. 100, including *Hoffman's Estate,* supra, heretofore cited, point to the distinction not recognized in that opinion. We are constrained to the belief that *Coxe's Estate,* 193 Pa. 100, was improperly decided, and in so far as it is inconsistent with the present decision, it is expressly overruled.

The decree of the court below is affirmed, costs to be paid out of the funds for distribution.

Mr. Justice LINN concurs in the decree.