## Scheidt's Estate

*High, Dettra & Swartz*, for appellant.
*Paul P. Wisler*, for Commonwealth.

SHEELY, P. J., fifty-first judicial district, specially presiding, March 7, 1941.—This is an appeal from the ap-

praisement for inheritance tax purposes in the estate of Adam Scheidt, deceased. The appeal questions the appraisement of four separate items of property, but at the hearing the objection to only one item was pressed. The parties have stipulated the facts relating to this objection.

On October 2, 1930, Adam Scheidt deposited with the Norristown-Penn Trust Company 1,750 shares of the capital stock of the Adam Scheidt Brewing Company to be held in trust under the terms of a trust agreement bearing that date. By the terms of the agreement Adam Scheidt was to receive the income from the estate during his life and, at his death, the principal was to be divided equally between his wife and five children, with certain provisions to take effect if any of the named beneficiaries predeceased him. The agreement specifically provided that the trust was irrevocable. Adam Scheidt died on October 17, 1933, and in the appraisement for inheritance tax purposes the 1,750 shares of stock held in trust by the Norristown-Penn Trust Company were appraised at $201 per share, which was the value of the stock as of October 17, 1933.

It is admitted by appellant that this stock was taxable: see Spangler's Estate, 281 Pa. 118 (1924); Husband's Estate, 316 Pa. 361 (1934). It is also admitted that the actual value of the stock on October 17, 1933, was $201 per share. It is contended, however, that the stock should have been appraised as of the date when the trust was created, to wit, October 2, 1930, at which time the value was substantially less. This contention is based upon the theory that the tax imposed by the Act of June 20, 1919, P. L. 521, as amended, 72 PS §2301, is upon "the transfer of any property", and therefore the value must be estimated as of the date the transfer took place.

Under section 1 of the Act of 1919 it is provided that "A tax shall be, and is hereby, imposed upon the transfer of any property . . ." That which is taxed is the "transfer", and in Rowell's Estate, 315 Pa. 181 (1934), at page 184, the court said:

"The tax is on the act of the testator not on the receipt of the property by the legatees. . . . Therefore, the value of the thing to be taxed must be estimated as of the time when the act is done."

In Mayer's Estate, 330 Pa. 39, 42 (1938), the court said:

"The tax is assessable upon the *transfer* of any vested property interest when that transfer takes place under any of the conditions enumerated in section one. The imposition of tax and the liability therefor are fixed by the first section and section three simply refers to the time of payment of that tax in the case of future interests."

In the case of an irrevocable trust, the transfer of the life estate and of the remainder takes place when the trust is created: Denniston's Estate, 325 Pa. 453 (1937). Therefore, the transfer is to be taxed at the rate in effect at the time the transfer takes place and not at the rate in effect when the actual possession or enjoyment of the estate accrues to the beneficiary: Houston's Estate, 276 Pa. 330 (1923) ; Leffmann's Estate, 312 Pa. 236 (1933).

It follows from these authorities that the valuation upon which the tax should be determined should be made as of the time the transfer takes place. It also follows that if the basis of the tax is the "transfer", and the value of the transfer and the rate of tax to be applied are to be determined as of the date the transfer is made, the tax should also be payable as of that date. Section 3 of the Act of 1919, supra, 72 PS §2304, fixes the time of payment of the tax in the case of future interests. Under that section the person liable for the tax is given the choice of paying the tax after coming into actual possession of the estate by the termination of the estate for life or years, in which event the tax is assessed upon the value of the estate at the time the right of possession accrues, or of paying the tax at any time prior to his coming into possession, in which event the tax is assessed on the value of the estate at the time of payment of the tax after deducting the value of the life estate or estate for years.

See Simpson's Estate, 332 Pa. 115 (1938), and Mayer's Estate, 330 Pa. 39 (1938).

Were it not for the provisions of section 3 of the act, the tax on the entire estate, including future interests, would be payable immediately upon the creation of the estate. The method of payment provided in that section is therefore in relief of the remainderman. He may, if he wishes, have the estate valued at the time it is created, but in that event he must pay the tax on the assessed value at that time. Or, by taking advantage of the deferred payment provided by section 3 he need not pay the tax until he comes into actual possession of the estate, but then the valuation is made as of the date the right of possession accrued. But he cannot avail himself of the deferred payment permitted under section 3 of the act and at the same time have the estate valued as of the date of the trust agreement. This stipulation is ruled by the decision in Simpson's Estate, 332 Pa. 115 (1938). In that case testator left the residue of his estate in trust for the benefit of his widow, children, and grandchildren during their lives; the remainder, on the death of the surviving grandchild, to the Methodist Episcopal Hospital of Philadelphia. By agreement of the parties, subsequently made, the Methodist Episcopal Hospital, remainderman, was to receive a cash award of $28,000 "in full consideration and release of its entire interest in the estate", the three life tenants to share the balance equally. Inheritance tax against the cash award of $28,000 was assessed. Upon appeal, the parties in interest complained that the assessment should have been on the basis of the computed value of the remainder interest at the time of the award by valuing the corpus of the estate and deducting therefrom the value of the life estates appraised by the usual actuarial methods, disregarding the actual amount receivable by the remainderman under the terms of the agreement. The court held that the remainderman had elected not to avail itself of the second alternative provided by section 3 of the Act of May 6, 1887, P. L. 79,

which is practically identical with section 3 of the Act of 1919, but to wait and pay the tax after acquiring the right to possession of its estate. Therefore, no right remained to pay the tax on a computed basis by deduction of prior life estates because the Act of 1887 especially limits this right to the period prior to his coming into possession.

Appellant in this case, who is the remainderman, having elected not to pay the tax prior to his coming into possession of the estate, is now bound by the provisions of section 3 of the Act of 1919, and the tax was properly assessed on the value of the estate at the time the right of possession accrued to him, which was the date of the death of the life tenant on October 17, 1933.

In the stipulation of facts filed by counsel the value of the stock on the date the trust was created, October 2, 1930, was not set forth. We understand that this valuation has been agreed upon and will be stipulated. In view of our conclusion that the estate was properly appraised as of the date of the death of the life tenant, the prior value is unimportant. It may, however, become important in the event of an appeal from this adjudication. We will therefore file the adjudication at this time, reserving the right to appellant to file a stipulation of the value of the estate as of October 2, 1930, at a subsequent date.

### Decree

And now, March 7, 1941, having concluded that the value of the trust estate was properly appraised as of the death of the life tenant on October 7, 1933, the appeal from the appraisement for inheritance tax purposes is dismissed at the cost of appellant. It is ordered, however, that if appellant desires to appeal from this decree, a stipulation of the value of the trust estate as of October 2, 1930, may be subsequently filed.