## Carpenter's Estate

Before Van Dusen, P. J., Stearne, Sinkler, Klein, Bolger, and Ladner, JJ.

*William H. Peace, 2nd, Ira Jewell Williams, Jr., Joseph D. Morelli,* and *Ira Jewell Williams,* for exceptants.

*Howard F. Riley* and *Sidney E. Smith,* contra.

VAN DUSEN, P. J., November 7, 1941. — Testator gave his residuary estate in trust to pay income to his sisters and brothers, and as each died to pay his or her share of the income to the 10 children of all of the sisters and brothers, naming them; and upon the death of any of these named nephews and nieces "to grant, assign and transfer absolutely to the child or children of such deceased nephew or niece one-tenth part" of the principal, . . . "and in default of child or children of such deceased nephew or niece to distribute the said one-tenth part of my said residuary estate, subject as aforesaid, absolutely among my surviving nephews and nieces, and the children of such of them as may then be deceased, in equal parts and shares, such children of any deceased nephew or niece taking, in any and all such cases, only such part or share thereof, as his, her or their deceased parent would have had and taken if then living."

The brothers and sisters have all died, and a niece, Martha, has died leaving no children. A nephew, John, had previously died leaving one child, Joseph, who had also died before Martha. There is no doubt that John, the nephew, takes nothing, and that his executors take nothing for him, because he was "then deceased", at the death of Martha. But the executrix of Joseph claims his share, and the living nephews and nieces seek to

exclude him. The auditing judge held that the condition attached to the gift to the nephews and nieces, that they must survive to the time of distribution, did not attach to the substitutionary gifts to their children; and he awarded a share of principal to Joseph's executrix.

It has been repeatedly held that, when a condition of survival to the time of distribution has been annexed to the gifts to the first takers, but not to the gifts to the substituted beneficiaries, the condition is not to be implied with respect to the latter. The reasons have been fully given in other opinions and need not be repeated: Carstensen's Estate, 196 Pa. 325; McCauley's Estate, 257 Pa. 377; Evans' Estate, 5 D. & C. 551; McCurdy's Estate, 9 D. & C. 84.

Exceptants argue that the interest of a child of a nephew is contingent. So it is. It is contingent upon being born; it is contingent as to quantum upon other children being born; it is contingent upon the time of death of the parent. But it is not contingent upon surviving to the time of distribution.

A contingent interest (provided the contingency is not that the beneficiary should survive to the time of distribution) passes by inheritance: Kelso v. Dickey, 7 W. & S. 279; Hopkins v. Jones, 2 Pa. 69; Chess' Appeal, 87 Pa. 362; Bassett v. Hawk, 118 Pa. 94; Patterson's Estate, 247 Pa. 529; Moss' Estate, 80 Pa. Superior Ct. 323; Hubbert's Estate, 6 Dist. R. 96; Mayer's Estate, 29 D. & C. 351; Price's Estate, 38 D. & C. 577; and by assignment: Packer's Estate (No. 2), 246 Pa. 116. Why not?

Moss' Estate contains a full discussion by Judge Keller, and he remarks with regard to a supposed conflict in the cases: "Much of the want of harmony has, apparently, been caused by confusing the terms 'vested' and 'transmissible' ".

We venture to think that most of the decisions can be reconciled; and that the confusion has arisen from

referring to an estate as contingent merely without also expressing what the writer really has in mind, to wit, that it is contingent upon survival.

Exceptants cite certain expressions of my own in Hood's Estate, 25 D. & C. 375, and Frishmuth's Estate, 25 D. & C. 714, to the effect that when the first takers are to be ascertained at a certain time it is to be supposed that the second takers are to be ascertained at the same time. These statements all assume that the second gift is contingent, and the problem is to determine the nature of the contingency. It is not meant to assert because the first gift is contingent that therefore the second gift must also be contingent. The word "issue", which was under consideration in the Frishmuth case, of itself imports a contingency as the discussion in that case shows.

Exceptants refer to the cases in which the opinion construes certain verbs of gift as importing a condition that the beneficiary should survive to receive the gift in person. These are sometimes referred to as the "pay and divide cases". The verb used in the present case is "distribute". We think that the authority of those cases has been taken away by the decision in Lloyd's Estate, 326 Pa. 230. That case adopted the reasoning of the late Judge Gest in Buckman's Estate, 13 D. & C. 653. Buckman's Estate was followed by a number of cases in our court, in one of which, Carson's Estate, 16 D. & C. 99, it was said (p. 103):

"We see no implication that the beneficiary must survive to receive the gift in person, whether the disposing verb be 'pay', 'divide', 'transfer', 'give', 'bequeath', 'distribute' or any other like word, unless there be something else in the will by which the word is to be so interpreted."

The exceptions are dismissed and the adjudication is confirmed absolutely.