## Mayer's Estate

*Gunnison, Fish, Gifford & Chapin,* for accountant.

*Franklin B. Hosbach* and *H. Robert Fischer,* for Commonwealth.

WAITE, P. J., August 4, 1943.—Decedent (Eugene L. Mayer) died testate September 4, 1939. The third supplemental and final account of the First National Bank of Erie, executor, showing a balance in the estate of $4,792.25, is before the court for audit and distribution. The petition sur audit recites that "On April 26, 1943, a bill was rendered by Ralph McCord, Register of Wills and Agent of the Commonwealth of Pennsylvania, claiming inheritance tax due in the amount of $479.23." The claim is not admitted.

The questions here involved relate back to the terms of the will of Andrew J. Mayer, who died May 18, 1918. Under his will, a trust was created for the benefit of his son, Roman Mayer, for life, by the terms of which the trustee was authorized and directed "to pay over to said Roman Mayer, out of the income or principal thereof, so much thereof as in his opinion he may think necessary and proper to properly support and maintain my said son Roman Mayer". On the latter's death, testator gave Roman's share "or so much thereof as may remain at that time, to my remaining children, their heirs and assigns forever, share and share alike . . ."

At the time of Andrew Mayer's death, his wife and the following five children survived him: John Mayer, Eugene Mayer, Roman Mayer, Louisa Tucker, and Laura Mehler. The daughters are still living. John Mayer died testate, August 20, 1929, leaving his entire estate to his wife, Rose Anna Mayer. Eugene Mayer died testate, September 4, 1939, after bequeathing all his property to his sisters, Louisa Tucker and Laura E. Mehler, and his brother Roman, "if they are all living at the time of my decease".

Roman Mayer, the life beneficiary of the trust created by the will of Andrew J. Mayer, died intestate August 9, 1942, nearly three years after the death of Eugene L. Mayer, one of the residuary legatees in said

estate. Following the death of Roman Mayer, and after the audit of the fourth and final account of the First National Bank of Erie, substituted trustee of the estate of Andrew J. Mayer, deceased, benefit of Roman Mayer, at no. 68, February term, 1943, this court on February 26, 1943, ordered distribution of the remainder interest under the will of Andrew J. Mayer to the "remaining children, their heirs and assigns" of Andrew J. Mayer, as follows:

Estate of John Mayer. . . . One fourth—$5,191.84
Estate of Eugene Mayer. . One fourth— 5,191.84
Louisa Tucker . . . . . . . . . . One fourth— 5,191.84
Laura Mehler . . . . . . . . . . One fourth— 5,191.84

The third and supplemental account in the estate of said Eugene L. Mayer, against which this claim for inheritance taxes is made, charges said account with the receipt of the said sum of $5,191.84 and claims credit for administration expenses of $399.59, leaving a balance of $4,792.25, which amount is the subject of this inheritance tax claim of $479.23 computed at 10 percent upon the said balance. It is agreed by counsel that this amount of $4,792.25 upon which the tax was computed includes income upon the amount of principal coming into the estate of Eugene L. Mayer from the date of his death on September 4, 1939, to the date of the filing of the fourth and final account of the trustee, benefit of Roman Mayer (at no. 68, February term, 1943) on December 30, 1942, amounting to $519.98, as agreed by counsel for the estate and for the Commonwealth.

The relevant statute as to the levying of such tax on such transfer is as follows:

"Where there is a transfer of property by a devise, descent, bequest, gift, or grant, liable to the tax hereinbefore imposed, which devise, descent, bequest, gift, or grant is to take effect in possession or to come into actual enjoyment after the expiration of any one or

more life-estates or a period of years, the tax on such estate shall not be payable, nor shall interest begin to run thereon, until the person liable for the same shall come into actual possession of such estate by the termination of the estates for life or years. The tax shall be assessed upon the value of the estate at the time the right of possession accrues to the owner, but the owner may pay the tax at any time prior to his coming into possession. In such cases the tax shall be assessed on the value of the estate at the time of the payment of the tax, after deducting the value of the life-estate or estates for years": Act of June 20, 1919, P. L. 521, art. I, sec. 3, as amended by the Act of June 21, 1939, P. L. 619, sec. 1, 72 PS §2304.

The applicable statute as to interest and penalties upon said tax is as follows:

"If the tax is paid within three months after the death of the decedent, a discount of five per centum shall be allowed. If the tax is not paid at the end of one year from the death of the decedent, interest shall be charged at the rate of twelve per centum per annum on such tax. Where, because of claims made upon the estate, litigation, or other unavoidable cause of delay, the estate of any decedent or any part thereof cannot be settled up at the end of the year, interest at the rate of six per centum per annum shall be charged upon the tax arising from the unsettled part thereof, from the end of such year until there be default. Where real or personal estate withheld by reason of litigation or other cause of delay, in manner aforesaid, from the parties entitled thereto, subject to such tax, has not been productive to the extent of six per centum per annum, the proper parties shall not pay a greater amount as interest to the Commonwealth than they have realized or shall realize from such estate during the time the same has been or shall be withheld as aforesaid": Act of June 20, 1919, P. L. 521, art. IV, sec. 38, 72 PS §2442.

The questions requiring determination are the following:

1. Is any inheritance tax now due from the estate of Eugene L. Mayer on the remainder interest, following the life estate, with power of consumption, in favor of Roman Mayer?

2. If the answer to 1 be in the affirmative, is the income which accrued on the fund in question after the death of Eugene L. Mayer to the time of Roman Mayer's death to be included in the "estate" of Eugene L. Mayer?

3. If the answer to 1 above be in the affirmative, what if any interest and penalty on said tax is now due from the estate of Eugene L. Mayer?

At the outset it should be noted that Andrew J. Mayer in his will (para. 4) provided: "I direct my executor hereinafter named shall take charge of my estate, collect the rents therefrom, pay the taxes thereon . . ." Pursuant to the above direction, Andrew J. Mayer's executor paid inheritance taxes on the clear value of the entire estate ($104,194.73) on August 16, 1918; that is, he paid the taxes not only on the life estate of Roman Mayer, but also on the remainder interests given to the other children of Andrew J. Mayer. But the question we are now concerned with is whether there is an additional inheritance tax payable upon the second transfer of the remainder interest in the trust for Roman Mayer passing to and through the estate of Eugene L. Mayer to his legatees, who are his brothers and sisters, and hence his collateral heirs.

The taxation of the transfer of future interests is provided for by the above-quoted portion of article I, sec. 3, of the Act of 1919, as amended by the Act of June 21, 1939, P. L. 619, sec. 1, 72 PS §2304. It expressly provides that where there is a transfer of property in a future interest a tax shall be payable when the person liable shall come into actual possession.

That is not to be interpreted as meaning that the original transfer at the time of the creation of the remainder is payable as provided therein, but rather means that not only the original transfer but any subsequent transfer of the remainder is taxable as therein provided. Then, was there a transfer when the remainderman died before the death of the life tenant? The authorities on this point indicate that if the remainder in question is vested or even contingent, if upon a contingency other than the survival of the remainderman (see Moss' Estate, 80 Pa. Superior Ct. 323, and Mayer's Estate, 330 Pa. 39, 43), then the said remainder is a "transmissable" remainder and passes to the heirs or legatees of the remainderman and is therefore taxable. The estate urges that there was no such additional transfer from Eugene L. Mayer to his heirs. A careful analysis shows that this could not be true. If there was no such additional transfer, then the remainder would have to pass directly from the original testator, Andrew J. Mayer. In such a case it would pass to Andrew J. Mayer's heirs and not to the heirs of Eugene L. Mayer. For this to be possible Andrew would need to have a reversion in the trust but, as indicated by all authorities, no reversion is possible after a vested remainder in fee, or after a contingent remainder to a definite person, where, as here, "The contingency on which the legatees over were to take was not a contingency annexed to their capacity to take; such, for example, as their living to a certain time; but an event independent of them, and not affecting their capacity to take or transmit the right to their representatives; . . .". See Kelso v. Dickey, 7 W. & S. 279, 284, quoted and approved in Moss' Estate, supra.

The fund in question passed in the first instance, as indicated by the adjudication of the court at no. 68, February term, 1943, to the heirs of Andrew J. Mayer, and then again by and through Eugene L. Mayer and on to his heirs and legatees, who in turn are the re-

siduary legatees and, hence, the remaindermen in his estate. Otherwise, the fund would not be included in his estate and prove to the benefit of his heirs or legatees. There is, therefore, a second transfer of this remainder which, even though contingent in the manner indicated above, is taxable.

In Coxe's Estate, 193 Pa. 100, it was held that there was not such a transfer and that it was not taxable. That case was overruled by Mayer's Estate, supra, at page 43, where the court said:

"We are constrained to the belief that Coxe's Estate, 193 Pa. 100, was improperly decided, and insofar as it is inconsistent with the present decision, it is expressly overruled."

Mayer's Estate, supra, is the controlling authority here. The facts in that case which are closely analogous to those in the instant case are stated in the opinion, as follows (p. 40):

"Katharine Mayer received a vested remainder under the will of her sister Minnie who died in 1915. The intervening life estates had not expired when Katharine died in 1923, bequeathing her entire estate, including the remainder interest, to her sister Julia. The latter died two years later, leaving the residue of her estate, including the remainder interest received from Katharine, to the Jewish Hospital Association of Philadelphia. The life tenancies did not expire until 1935 and 1936 and in the subsequent accounting the register of wills assessed a transfer inheritance tax upon the transfer of the remainder from Katharine to Julia. This assessment was sustained by the orphans' court and the hospital association has appealed. The tax upon the transfer of this same interest from Minnie to Katharine was paid in the course of the settlement of the former's estate. The tax upon the transfer from Julia to the hospital association has also been paid."

Discussing the case, the court says (p. 42) :

"The tax is assessable upon the *transfer* of any vested property interest when that transfer takes place under any of the conditions enumerated in section one. The imposition of the tax and the liability therefor are fixed by the first section and section three simply refers to the time of payment of that tax in the case of future interests . . .

"In the present case, the remainder was created under Minnie's will and given to Katharine, and the tax on the transfer, now said by appellant to have been gratuitous because Katharine never acquired actual possession, was properly paid. This same interest was bequeathed by Katharine to Julia and the tax must be paid. The tax on the transfer by Julia to the hospital association has already been paid. The vested remainder was thrice transferred and it must be thrice taxed.

"One who dies holding a vested remainder is 'seized or possessed of the property' within the language of section one, and the transfer of that interest is taxable . . ."

That case was decided in 1938, construing section 3 of the Act of 1919, the applicable portion of which is reënacted by section 1 of the Act of June 21, 1939, P. L. 619, quoted above. The question involved was whether the transmission from Katharine to Julia was taxable. In that case there were three transfers and each was held to be taxable. In the instant case there are two transfers and both are taxable. This is not multiple taxation, since each tax rests upon a separate transfer. See also Inheritance Taxation in Pennsylvania, by Keller H. Gilbert (1934 ed.), at page 433.

A "remainder" is defined as "an estate in expectancy created by act of the parties, the essence of which is that it is to arise immediately on the determination of the particular estate by lapse of time, or other determinative event, and not in abridgment of it. Where a

grant is of a fee, there cannot be a remainder, although the fee may be a qualified or determinable one, because the fee is the whole estate and there is nothing left out of which a remainder may be carved." A remainder is vested "when a definite interest is created in a certain person and no further condition is imposed than the determination of the precedent estate. It is not sufficient that there is a person in being who has the present capacity to take the remainder if the particular estate be presently determined, but it must also appear that there are no other contingencies which may intervene to defeat the estate before the falling in of the particular estate." A "contingent remainder" is "a remainder whose vesting or taking effect in interest is by the terms of its creation made to depend on some contingency which may never happen at all or may not happen within a requisite prescribed time, by reason whereof its capacity of vesting or taking effect in interest may be forever defeated." See Ballentine's Law Dictionary.

Here the remainder is created by the will of Andrew J. Mayer in his residuary legatees and is dependent not only upon the death of Roman Mayer but also upon the contingency of the opinion of Eugene L. Mayer as to how much of both the principal and interest of said trust fund he may think necessary properly to support and maintain said Roman Mayer during his lifetime. All of the said trust fund and the interest therefrom might have been consumed for the support of Roman Mayer had the trustee, Eugene L. Mayer, deemed it necessary and proper for that purpose. Said remainders are, therefore, contingent, although as a matter of fact there was remaining in said trust fund an amount which permitted the court to award the sum of $5,-191.84 to the estate of Eugene L. Mayer, and to each of the other remaindermen, which came into their possession under the order of the court directing said

distribution on February 26, 1943 (see no. 68, February term, 1943), and actually received, as shown by the account now before us, on March 8, 1943.

We are clearly of opinion, under the wording of the act, that there is an additional transfer to the legatees of Eugene L. Mayer which is taxable, and the answer to the first question must, therefore, be in the affirmative.

Taking up the second question, is the income (amounting to $519.98) which accrued on the fund after the death of Eugene L. Mayer to the time of the death of Roman Mayer to be included in the estate of Eugene L. Mayer, and also subject to the tax, or should the tax be restricted to the fund at the time of the death of said Eugene L. Mayer? The income in question upon this fund accrued admittedly after the death of Eugene L. Mayer and was not, at the time, a part of his estate which would be subject to the State inheritance tax, which is always assessed as of the time of a decedent's death. Under section 3 of the Act of June 20, 1919, P. L. 521, 72 PS §2304, "Where there is a transfer . . . liable to the tax . . . the tax shall be assessed upon the value of the estate at the time the right of possession accrues to the owner . . ."

In Williamson's Estate, 153 Pa. 508, the court says (p. 521) :

"Income accruing subsequently comes not from the testator or intestate but from the property held by or for the use of the legatee or other beneficiary, and is not to be distinguished from income derived by the same persons from any other source."

In French Estate, 13 Wash. Co. 46 (1931), the court in a well-reasoned opinion held that only the clear value of the estate passing from the decedent is subject to tax, but not the income later accruing thereon. The court says (p. 48) :

"It is admitted that under this section any increase in value of the thing itself subject to tax, is taxable. The value of the thing taxable is to be fixed as of the

time the life estate falls in. So, real estate, specific securities, and the like, held by a trustee during a life tenancy or other period, are taxable at their increased or diminished value, as of the time the remainderman comes into possession.

"But the Commonwealth is going a step further and saying that *whatever may be earned* by the taxable thing, during the interim, if for any reason it be added to the original thing for the purpose of transmission to remaindermen, is also taxable. A mere statement of this proposition indicates the fallacy. It is taxing something that the decedent never owned, was no part of his estate when he died, and was not transferred *from him* to the remainderman.

"The Act provides for an increase in value of the thing subject to tax, but it does not provide for the imposition of a tax on something the decedent never owned."

A persuasive authority to the same effect is furnished by the United States Supreme Court in the recent case of Maass, Exec., v. Higgins, etc., 312 U. S. 443, wherein the court expressly disapproved of the Treasury Regulation which taxed income accruing during the year following the decedent's death under the Federal Estate Tax Act, where the executor had exercised the optional valuation provision in the act. Said optional provision is as follows, Internal Revenue Code sec. 811 (*j*) :

"If the executor so elects upon his return . . . the value of the gross estate shall be determined by valuing all the property included therein on the date of the decedent's death as of the date one year after the decedent's death . . ."

The court further said (p. 447) :

". . . the petitioners insist that the Government's position is unreal and artificial; that it does not comport either with economic theory or business practice; and that the regulation is an unwarranted extension

of the plain meaning of the statute and cannot, therefore, be sustained. We hold that the petitioners are right."

We are, therefore, clearly of opinion that this tax should be computed only upon the original fund as of the time of the death of Eugene L. Mayer, amounting to $5,191.84, less $519.98 income, and also less the costs of the administration of Eugene L. Mayer's estate, amounting to $399.59, leaving a net amount of $4,272.27 upon which the tax is to be assessed.

The third question is, when should the tax be assessed and what penalty or interest should be imposed under the above-quoted act of assembly? Roman Mayer died August 9, 1942. The fund in question was awarded to the estate of Eugene L. Mayer February 26, 1943, and received by his executor, as shown by this account, on March 8, 1943. Up to the present time, the Commonwealth has filed no appraisement of the estate showing upon what amount the tax is claimed, and the question as to the amount of tax is in litigation, as shown by this proceeding. The tax laws must be construed most strongly against the Commonwealth and most favorably to the taxpayer. See Morgan's Estate (No. 1), 41 D. & C. 360, and Husband's Estate, 316 Pa. 361. In our opinion, the tax should be assessed upon the net amount as of this date and neither interest nor penalty should be imposed.

The remaining question is as to what effect the right of Eugene L. Mayer to determine how much of said trust estate might be necessary properly to support and maintain Roman Mayer, and also the right of consumption, has upon the question of taxation now before us. In our opinion, neither of these things affects that question in any way, nor does the fact that Roman Mayer may have had other properties which may have been used in part for his comfort and maintenance. Had all the property been consumed, as it might have

been, there would, of course, have been no remainder to tax; but as a matter of fact there was a remainder and the net value of that remainder is what we are here concerned with, and upon that value said tax is to be assessed.

An order of distribution may be made in accordance herewith.