## Holsman Estate (No. 2)

*William Carson Bodine, Pepper, Hamilton & Scheetz,* and *J. Horace Churchman,* for trustees.

*Charles F. Nahill,* for Commonwealth.

### SUPPLEMENTAL OPINION
### AND DECREE

BURKE, J., February 14, 1969.—This is an appeal by Girard Trust Bank, surviving trustee under the will of Gerald Holsman and Trustees of the University of Pennsylvania, a contingent beneficiary, from the assessment of transfer inheritance tax.

Testator died on January 9, 1951, leaving a will in which, after making pecuniary legacies to collaterals, he bequeathed one-half of his estate to his wife, Katherine Norton Holsman, and gave the remaining one-half of his estate in trust to pay the income to his wife, for life. Upon the death of his wife, testator gave the principal of the trust to his daughter, Mary Marcoe Holsman. Should his said daughter predecease the life tenant, the principal was to pass to the Trustees of the University of Pennsylvania.

Testator was survived by his wife and daughter and the daughter thereafter died on February 25, 1961. His wife died on October 4, 1964, and the trust thereupon terminated. The daughter's interest in principal was defeated by her death in her mother's lifetime.

The question posed by the appeal turns on the ap-

plication of the Charitable Exemption Act of May 28, 1956, P. L. (1955) 1757, as amended effective June 1, 1957, which exempts charities from the payment of transfer inheritance tax: 72 PS §2301.1. The pertinent part of the statute provides:

"No transfer inheritance tax shall be imposed upon the transfer of any property, real or personal, or of any vested or future interest therein or income therefrom, in trust or otherwise, to persons, corporations and organizations where the transfer is by will or by deed. . . To or for the use of any corporation, unincorporated association . . . organized and operated . . . for religious, charitable, scientific, literary or educational purposes. . . ."

Since testator died in 1951, the taxing event accrued on the date of death, and if subject to the tax, would be embraced by the Act of June 20, 1919, P. L. 521. The said act provides for the imposition of taxes "upon the transfer of property passing from a decedent. . . ." The statute defines transfer as including the transfer of ownership of any property or interest therein or income therefrom, in possession or enjoyment, present or future, in trust or otherwise: 72 PS §2301.

The above definition was cited in Tracy Estate, 403 Pa. 373, 378 (1961):

" 'Construing the same definition in the New York statute, the Court of Appeals held that the word (transfer) "thus contemplates a present enjoyment *or a fixed or absolute right of future enjoyment"*: Matter of Hoffman, 143 N. Y. 327, at page 335. The tax is assessable upon the *transfer* of any vested property interest when that transfer takes place. . .' "

In the instant will, the named charity acquired no interest in the estate at the time of testator's death. The so-called interest was a mere expectancy, and if testator's daughter had survived her mother, the

charity could have derived no benefit from the estate. Ergo, there could be no vesting of the charity's interest. See Mayer Estate, 330 Pa. 39. Upon the daughter's predecease of her mother on February 25, 1961, the charity's interest became viable, and its interest vested under the authority of the Charitable Exemption Act, supra.

For the foregoing reasons, I conclude as a matter of law that the assessment of inheritance tax on the charitable gift is invalid, and I enter the following

## DECREE

And now, February 14, 1969, the appeal is sustained and the tax assessment is vacated.