## Rothfuss Estate

*Irvin Stander,* for Commonwealth.

*Robert C. Lea, Jr.,* and *A. J. Drexel Paul, Jr.,* for appellant.

BOLGER, J., January 26, 1960.—On November 16, 1933, Helen Mary Rothfuss, at age 39, irrevocably transferred assets to The First Pennsylvania Banking and Trust Company in trust to pay the income to settlor and to certain designated persons, including settlor and the survivor of them. In no event was the trust to continue for a period exceeding 30 years. If settlor were living at the expiration of 30 years, the entire principal was to be paid to her; if she were then deceased, principal is to be paid to the person or persons then receiving income.

Settlor died October 28, 1958. On the effective date of the deed, transfer inheritance taxes on remainder interest was at the rate of 10 percent. On October 28, 1958, the rate was 15 percent pursuant to an amendment to the Transfer Inheritance Tax Act of June 20, 1919, P. L. 521, which amendment is dated December 21, 1951, P. L. 1713.

The question involved is the rate of tax which should apply to the remainder interests which became payable October 28, 1958. The register of wills asserted the tax at 15 percent and the accountant contends that 10 percent is the proper rate.

Settlor surrendered complete dominion and control over the corpus of the trust. Several cases have been cited and considered by counsel for both the Common-

wealth and the accountant. Of particular significance is Commonwealth v. Linderman's Estate, 340 Pa. 289. There, settlor executed a deed of trust in favor of her children reserving the right to receive income until death or remarriage and also the right to demand a return to her of one-third of the corpus in the event of her remarriage. She died without having remarried after the effective date of transfer inheritance tax, which imposed a tax on lineal descendants. The Supreme Court held that one-third of the corpus was taxable; the court, citing Houston's Estate, 276 Pa. 330, and Denniston's Estate, 325 Pa. 453, stated on page 291: "The absolving principle is that the settlor has divested himself absolutely of all title to the property, not at his death, but at the time of execution of the instrument creating the trust. There must not remain in the settlor the opportunity to change its provisions so that he may reassert dominion."

In the cited case it was necessary for settlor to remarry and then demand repayment. In the present case, without any action on the part of settlor other than remaining alive, the entire corpus would return to her and be in her absolute control.

Also controlling and similar is Leffmann's Estate, 312 Pa. 236, wherein settlor conveyed by a revocable deed in 1915, but in 1925 made the trust irrevocable. He died in 1930, and it was held that the law of 1925 applied.

Until the moment of her death, settlor retained the right to reassert control at the expiration of the 30-year period. This right ended with her life, after the tax had been increased and the rate then in force became applicable.

Counsel for the accountant argues that in the instant case if tax is imposed at 15 percent, there will be recognition for the first time in Pennsylvania of the "possibility of reverter" theory which has plagued the Fed-

eral estate tax litigation. The hearing judge is unable to conceive that the facts in the present case spell out a mere possibility of reverter. To the contrary, from its inception, the deed spelled out a clear reverter at the expiration of 30 years, if settlor were then living. It is not merely a tenuous theory that contrary to the express intention of settlor, because of possible deaths of third persons, failure to exercise powers of appointment, etc., principal might come back to settlor. It was bound to come back contingent only upon the fact of her survival. The fact that she did not live to the date of termination is not the determinative factor.

I, therefore, enter the following

### Order

And now, January 26, 1960, the appeal from appraisement of inheritance tax is dismissed and the record is remitted to the office of the register of wills.